IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ANDRES PEREZ | § | |
| | § | |
| Plaintiff, | § | Civil Action No. |
| | § | |
| vs. | § | |
| | § | |
| CAJUN OPERATING COMPANY, | § | |
| D/B/A CHURCH'S CHICKEN | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Cajun Operating Company, d/b/a/ Church's Chicken ("Church's" or "Defendant") by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby submits this Notice of Removal to remove this action from the 357th Judicial District Court, Cameron County, Texas to the United States District Court for the Southern District of Texas, Brownsville Division, and shows the Court as follows:

## I.
## INTRODUCTION

On August 25, 2023, Andres Perez ("Plaintiff") filed Plaintiff's Original Petition and Request For Disclosures ("Petition") in the 357th Judicial District Court, Cameron County, Texas, styled *Andres Perez v. Cajun Operating Company, d/b/a/ Church's Chicken,* Cause No. 2023-DCL-04143 (the "State Court Action"). In his Petition, Plaintiff alleges Church's discriminated against him on the basis of his age in violation of the Texas Commission on Human Rights Act, Chapter 21 of the Texas Labor Code ("TCHRA"). *See Petition* ¶¶ 8.1-8.5; "Cause of Action – Age."

## II.
## REMOVAL IS TIMELY UNDER 28 U.S.C. § 1446(b)

Church's accepted service of the Petition on September 5, 2023. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(3) – within thirty (30) days of service of the Original Petition setting forth the claim for relief from which it may first be ascertained that the case is one which is removable. This action is properly removed to this Court, as the State Court Action is pending within this district and division. 28 U.S.C. §§ 1441, 1446(a).

Pursuant to 28 U.S.C. § 1446(a) and LR 81 Church's has attached a true and correct copy of (1) all executed process in the case, (2) all pleadings asserting causes of action and all answers to such pleadings, (3) all orders signed by the state judge, (4) a copy of the docket sheet, (5) an index of all matters being filed, and (6) a list of all counsel of record, including addresses, telephone numbers and parties represented. Pursuant to 28 U.S.C. § 1446(d), Church's will promptly give Plaintiff written notice of the filing of this Notice of Removal, and will promptly file a copy of this Notice of Removal with the District Clerk of Cameron County, Texas.

## III.
## THIS COURT HAS ORIGINAL JURISDICTION UNDER 28 U.S.C. § 1332(a)(1)

### A.   Complete Diversity of Citizenship Exists

Plaintiff pled that he resides in Cameron County, Texas. *See Petition* ¶ 2.1. And, upon information and belief, Plaintiff is domiciled there, making him a citizen of the State of Texas. As set forth in Church's Corporate Disclosure Statement, Church's is a citizen of the State of Delaware (where it is incorporated) and State of Georgia (where it maintains its principal place of business).

Such diversity of citizenship existed both when the Petition was filed and at the time of filing this Notice of Removal. Accordingly, complete diversity exists between all parties satisfying the requirements of 28 U.S.C. § 1332(a)(1).

B. **The Amount in Controversy Requirement Is Met**

Pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction requires that the amount in controversy "exceed the sum or value of $75,000, exclusive of interest and costs." Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. § 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). A defendant can meet its burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000 or by introducing other evidence to establish that the amount in controversy exceeds $75,000. *Maguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720,723 (5th Cir. 2002).

Here, while there is no specific monetary demand in the Petition, it is facially apparent that the amount in controversy requirement is met. *Id.*; *Alcala v. Allstate Vehicle & Prop. Ins. Co.,* No. 1:22-CV-95, 2022 WL 4239223, at *3 (S.D. Tex. Aug. 30, 2022), *report and recommendation adopted,* No. 1:22-CV-095, 2022 WL 4239353 (S.D. Tex. Sept. 14, 2022); *Camargo v. Gino Morena Enterprises LLC*, No. EP–10–CV–242–KC, 2010 WL 3516186, at * 3 (W.D. Tex. Sept. 2, 2010); *Muniz v. El Paso Marriott,* No. EP–09–CV–274–KC, 2009 WL 4878619, at *5 (W.D. Tex. Dec. 8, 2009). That is because Plaintiff seeks recovery for wrongful termination under Chapter 21 of the Texas Labor Code and requests back pay, lost wages, front pay, retirement benefits, fringe benefits, lost future earnings and/or diminished earning capacity, past and future mental anguish, damages for physical injury, sickness and/or illness, and attorneys' fees and reasonable expenses. *See Petition,* ¶¶ 9.1-10.3. Indeed, Plaintiff alleges he was making an annual salary of $63,000 per year working for Church's at the time of his termination (Petition, ¶ 7.1) and,

pursuant to Tex. Labor Code Ann. § 21.2585, Plaintiff could recover up to $300,000 in compensatory and punitive damages alone, well in excess of the jurisdictional minimum. *White v. FCI USA, Inc.*, 319 F.3d 672, 674–76 (5th Cir. 2003) (affirming finding that alleged compensatory damages or punitive damages alone in wrongful termination case would exceed $75,000).

Accordingly, it is apparent that the amount in controversy for this matter exceeds the jurisdictional minimum for removal. 28 U.S.C. § 1332(a)(1); *Theriot v. Transamerica Life Ins. Co.,* 354 F. Supp. 3d 713, 718 (E.D. Tex. 2017) ("The state court petition is usually consulted to determine the amount in controversy, and the sum claimed by the plaintiff controls if the claim is apparently made in good faith.").

## IV.
## VENUE IS PROPER IN THIS COURT

Venue is appropriate in this Court, under 28 U.S.C. § 1446(a), because the original case was filed and is pending in the 357th Judicial District Court for Cameron County, Texas, which is located within this District and Division.

## V.
## DEFENDANT HAS SATISFIED ALL OTHER REQUIREMENTS FOR REMOVAL

Church's will file a notice of removal and a copy of this Notice in the 357th Judicial District Court for Cameron County, Texas, in accordance with 28 U.S.C. § 1446(d). Church's will serve Plaintiff with a copy of this Notice pursuant to 28 U.S.C. § 1446(d). For the foregoing reasons, this Court has jurisdiction over this lawsuit. By filing this Notice of Removal, Church's does not waive any defenses that may be available to it, including, but not limited to, lack of subject matter jurisdiction, lack of personal jurisdiction, insufficiency of process, insufficiency of service of process, the expiration of any statute of limitations, bar by statute of frauds, or failure by Plaintiff to state any claim upon which relief may be granted.

WHEREFORE, having fulfilled all statutory requirements, Church's removes this action to this Court from the 357th Judicial District Court for Cameron County, Texas, and requests that this Court assume full jurisdiction over this matter as provide by law.

Respectfully submitted,

By: */s/ David R. Anderson*
David R. Anderson
**ATTORNEY IN CHARGE**
Texas State Bar No. 24128388
S.D. ID No. 3296827
danderson@fordharrison.com

**FORDHARRISON LLP**
1601 Elm Street, Suite 4450
Dallas, TX  75201
Telephone: (214) 256-4700
Facsimile: (214) 256-4701

**ATTORNEYS FOR DEFENDANT
CAJUN OPERATING COMPANY, D/B/A
CHURCH'S CHICKEN**

**OF COUNSEL:**
Jennifer C. Ohn
Texas Bar No. 24100350
S.D. ID No. 3464504
jcohn@fordharrison.com
**FORDHARRISON LLP**
1601 Elm Street, Suite 4450
Dallas, TX  75201
Telephone: (214) 256-4700
Facsimile: (214) 256-4701

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2023, a true and correct copy of the foregoing ***Defendant's Notice of Removal*** was served with the Clerk of Court using the CM/ECF System to the following attorneys of record:

John L. Shergold
Hodge & Shergold, L.L.P.
1805 Ruben Torres Blvd., Suite B30
Brownsville, Texas 78521
Tel: (956) 548-9100
Fax: (956) 548-9102
hodgeshergold@aol.com

                                        /s/ *David R. Anderson*
                                        David R. Anderson